

1  McGREGOR W. SCOTT
   United States Attorney
2  ROBERT M. TWISS
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2767

SEALED

FILED
MAY - 4 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: APPLICATION FOR AN ORDER AUTHORIZING THE USE OF A PEN REGISTER DEVICE, TRAP AND TRACE DEVICE, DIALED NUMBER INTERCEPTOR, NUMBER SEARCH DEVICE, AND CALLER IDENTIFICATION SERVICE, AND THE DISCLOSURE OF BILLING, SUBSCRIBER, AND AIR TIME INFORMATION | NO. 2:07-SW-0119 KJM<br><br>ORDER<br><br>**UNDER SEAL** |

This matter has come before the Court pursuant to an Application under Title 18, United States Code, Sections 3122 and 2703 by Robert M. Twiss, an attorney of the United States Department of Justice. The Application requests an order authorizing the installation and use of a pen register device, trap and trace device, dialed number interceptor, number search device, and caller identification feature on the telephone currently identified by telephone number (530)662-6902, hereinafter (530)662-6902, and directing SBC, Nextel Communications, MetroPCS Inc., AT&T Wireless Services Inc., Sprint Spectrum, L.P., Cingular Wireless, GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone Company, Verizon

-1-

1  Wireless, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities, and
2  any other involved telephone company, to disclose certain related
3  subscriber, billing, and toll call information. The Court finds
4  that the applicant has certified and shown that the information
5  likely to be obtained by the requested use and disclosure is
6  relevant to a legitimate ongoing criminal investigation into
7  possible violations of Title 18, United States Code, Section(s)
8  922(o), 956(a)(1); Title 21 United States Code, Section 846; and
9  Title 26 United States Code, Section 5861(d).

10  The Court further finds that the United States has made a
11  showing that there is reason to believe that notification or
12  disclosure by SBC, Nextel Communications, MetroPCS Inc., AT&T
13  Wireless Services Inc, Sprint Spectrum L.P., Cingular Wireless,
14  Verizon Wireless, GTE Wireless Inc., VIA Wireless Services,
15  Pacific Bell Telephone Company, AT&T, GTE, U.S. Sprint, MCI,
16  Citizens Utilities, and any other involved telephone company, of
17  the existence of the pen register device, trap and trace device,
18  dialed number interceptor, number search device, and Caller
19  Identification feature, or the request for subscriber, billing,
20  and other relevant information will: (1) endanger the life or
21  safety of an undercover government agent and other government
22  agents; (2) cause the subjects to flee to avoid prosecution; or
23  (3) seriously jeopardize the investigation in that the suspects
24  will stop using their telephones, begin using pay telephones, or
25  move their illegal operations elsewhere.

26  In addition, the Court finds that the Bureau of Alcohol,
27  Tobacco and Firearms (ATF) does not currently possess the
28  technology needed to limit the information obtained from a pen

register to only the number dialed to reach the called number and not the numbers dialed as numerical codes or messages.

The Court also finds that good cause exists for permitting ATF or other authorized law enforcement personnel to obtain information from the trap and trace device, dialed number interceptor, number search device, and Caller Identification feature whether the calls originate in the United States or a foreign nation.

IT APPEARING that the numbers dialed or pulsed to or from telephone number (530) 662-6902 are relevant to an ongoing criminal investigation of the specified offenses, THE FOLLOWING IS HEREBY ORDERED:

1. Pursuant to Title 18, United States Code, Section 3123, agents of ATF or other authorized law enforcement agency may install and use a pen register to register numbers dialed or pulsed to or from telephone number (530) 662-6902 to record the date and time of such dialings or pulsings, and to record the length of time of such dialings or pulsings, and to record the length of time the telephone receiver in question is off the hook for incoming or outgoing calls for a period of sixty (60) days from the date of this Order,

2. Pursuant to Title 18, United States Code, Sections 3123 and 2703(d), SBC, 500 East 8th Street Ste 1398, Kansas City, MO 64106, shall install, program, and/or use equipment in order to trap, trace, and identify the telephone numbers of the incoming calls to telephone number (530) 662-6902 and provide the name, address of the subscriber of record, and ESN numbers, whether published or unpublished, for each identified incoming call and

1  where possible, provide the time and duration of each call, and
2  continue the operation of such trap and number search activity
3  for a period not to exceed sixty (60) days from the date of this
4  Order.  SBC, will satisfy the requirements of this portion of the
5  Order by providing said subscriber information (name and address
6  of the subscriber of record and ESN) only once for each number
7  and is not required to produce subscriber information on each
8  telephone call.  The use of the trap and number search device
9  shall be limited to calls originating in the United States, Laos
10 or Thailand, but only to the extent that such limitation does not
11 impose additional burdens on SBC; if such geographic limitations
12 are unduly burdensome, the use of the trap and number search
13 device may be international in scope.
14      3.   Pursuant to Title 18, United States Code, Sections 3123
15 and 2703(d), that SBC, shall examine telephone number (530)662-
16 6902 and determine if it is equipped with the Caller
17 Identification feature as is supplied to some retail customers.
18 If said telephone line is not equipped with the Caller
19 Identification feature but the equipment for said feature is
20 available, SBC, is directed to add to the existing service the
21 Caller Identification feature with no record of said feature
22 going to the subscriber.  SBC shall be compensated by the
23 government for any additional expenses for installing the Caller
24 Identification feature, and SBC's use of the Caller
25 Identification feature will serve as a substitute for the use of
26 a trap and number search device.  SBC shall take all necessary
27 precautions to ensure that the addition of said feature, or any
28 activity relating to said feature, shall not be reflected on the

1  customer's bill or in any other way be disclosed.

2      4.  Pursuant to Title 18, United States Code, Section
3  3123(b)(2), SBC shall furnish agents of ATF or other designated
4  law enforcement agencies forthwith all information, facilities, and
5  technical assistance necessary to accomplish the installation and
6  use of the pen register device, trap and trace device, dialed
7  number interceptor, number search device, and Caller
8  Identification feature unobtrusively and with minimum
9  interference with the services that are accorded persons with
10 respect to whom the extension and use is to take place.

11     5.  SBC shall furnish the investigating agents the telephone
12 numbers associated with any speed dialing codes dialed or pulsed
13 from telephone number (530)662-6902.

14     6.  Pursuant to Title 18, United States Code 2703(d), SBC
15 shall furnish agents of ATF or other designated law enforcement
16 agencies with notice of any change in service involving telephone
17 number (530)662-6902, all billing records, toll records, credit
18 cards bills, and call forwarding information for telephone number
19 (530)662-6902 on a continuing basis for a period of sixty (60)
20 days from the date of this Court's Order.

21     7.  Pursuant to Title 18, United States Code, Section
22 2703(d), SBC, Cingular Wireless, Nextel Communications, MetroPCS
23 Inc., AT&T Wireless Services Inc., Sprint Spectrum, L.P., Verizon
24 Wireless, GTE Wireless Inc., VIA Wireless Services, Pacific Bell
25 Telephone Company, AT&T, GTE, U.S. Sprint, MCI, Citizens
26 Utilities, and any other involved telephone companies shall
27 furnish agents of ATF or other designated law enforcement agency name and address of subscriber of record,
28 with ~~complete~~ subscriber information (~~including~~ ESN numbers) for

-5-

1  all telephone numbers dialed or pulsed to or from telephone
2  number (530)662-6902, as recorded by the pen register device, and
3  for all telephone numbers placing calls to telephone number
4  (530)662-6902, as recorded by the trap and number search devices
5  or the Caller Identification feature for a period of sixty (60)
6  days from the date of this Order.

7       8.  SBC shall be compensated by the government for
8  reasonable expenses incurred in providing facilities and
9  technical assistance in connection with the pen register device,
10 trap and trace device, dialed number interceptor, number search
11 device, and caller identification feature.

12      9.  Pursuant to Title 18, United States Code, Sections 3123
13 (d) and 2705 (b), this Order and the Application shall be **sealed**
14 until otherwise ordered by the Court, and SBC, Nextel
15 Communications, MetroPCS Inc., AT&T Wireless Services, Sprint
16 Spectrum, L.P., Cingular Wireless, GTE Wireless Inc., VIA
17 Wireless Services, Pacific Bell Telephone Company, Verizon
18 Wireless, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities, and
19 any other involved telephone company, shall not disclose the
20 existence of the investigation, the existence of the pen register
21 device, trap and trace device, dialed number interceptor, number
22 search device, and caller identification feature, or the request
23 for subscriber, billing, and other relevant information to the
24 listed subscribers, or to any other person, unless or until
25 ///
26 ///
27 ///
28 ///

1  otherwise ordered by the Court.

2  **IT IS SO ORDERED.**

3  DATED: February 28, 2007

_____
HONORABLE KIMBERLY J. MUELLER
United States Magistrate Judge