SEALED

FILED
MAY - 4 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: APPLICATION FOR AN ORDER AUTHORIZING THE USE OF A PEN REGISTER DEVICE, TRAP AND TRACE DEVICE, DIALED NUMBER INTERCEPTOR, NUMBER SEARCH DEVICE, AND CALLER IDENTIFICATION SERVICE, AND THE DISCLOSURE OF BILLING, SUBSCRIBER, AND AIR TIME INFORMATION | NO. 2:07-SW-0119 KJM<br><br>**O R D E R**<br><br>**UNDER SEAL** |

This matter has come before the Court pursuant to an Application under 18 U.S.C. §§ 3122 and 2703 by Ellen V. Endrizzi, an attorney of the United States Department of Justice. The Application requests an order authorizing the installation and use of a pen register device, trap and trace device, dialed number interceptor, number search device, and caller identification feature on the telephone currently identified by SBC telephone number **(530)662-6902**, hereinafter **(530)662-6902**, and directing SBC, Sprint Nextel Communications, MetroPCS Inc., AT&T Wireless Services Inc., Sprint Spectrum, L.P., Cingular Wireless, GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone Company, Verizon Wireless, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities, and any other involved telephone company, to disclose certain related subscriber, billing, and toll call information. The Court finds that the Applicant has certified and shown that the information likely to be obtained by the requested use and disclosure is relevant to a legitimate ongoing criminal investigation into possible violations of 18 U.S.C. §§ 922(o), 956(a)(1), 960, 1956, 1957 and 371; 22 U.S.C. § 2778; and

-1-

1  26 U.S.C. § 5861(d).

2  The Court further finds that the United States has made a
3  showing that there is reason to believe that notification or
4  disclosure by SBC, Nextel Communications, MetroPCS Inc., AT&T
5  Wireless Services Inc, Sprint Spectrum L.P., Cingular Wireless,
6  Verizon Wireless, GTE Wireless Inc., VIA Wireless Services,
7  Pacific Bell Telephone Company, AT&T, GTE, U.S. Sprint, MCI,
8  Citizens Utilities, and any other involved telephone company, of
9  the existence of the pen register device, trap and trace device,
10 dialed number interceptor, number search device, and Caller
11 Identification feature, or the request for subscriber, billing,
12 and other relevant information will: (1) endanger the life or
13 safety of an undercover government agent and other government
14 agents; (2) cause the subjects to flee to avoid prosecution; or
15 (3) seriously jeopardize the investigation in that the suspects
16 will stop using their telephones, begin using pay telephones, or
17 move their illegal operations elsewhere.

18 In addition, the Court finds that the Bureau of Alcohol,
19 Tobacco and Firearms (ATF) does not currently possess the
20 technology needed to limit the information obtained from a pen
21 register to only the number dialed to reach the called number and
22 not the numbers dialed as numerical codes or messages.

23 The Court also finds that good cause exists for permitting
24 ATF or other authorized law enforcement personnel to obtain
25 information from the trap and trace device, dialed number
26 interceptor, number search device, and Caller Identification
27 feature whether the calls originate in the United States or a
28 foreign nation.

1    IT APPEARING that the numbers dialed or pulsed to or from
telephone number **(530)662-6902** are relevant to an ongoing
criminal investigation of the specified offenses, THE FOLLOWING
IS HEREBY ORDERED:

5    1.  Pursuant to 18 U.S.C. § 3123, agents of ATF or other
authorized law enforcement agency may install and use a pen
register to register numbers dialed or pulsed to or from
telephone number **(530)662-6902** to record the date and time of
such dialings or pulsings, and to record the length of time of
such dialings or pulsings, and to record the length of time the
telephone receiver in question is off the hook for incoming or
outgoing calls for a period of sixty (60) days from the date of
this Order;

14   2.  Pursuant to 18 U.S.C. §§ 3123 and 2703(d), SBC, 500 East
8th Street, Suite 1398, Kansas City, Missouri 64106, shall
install, program, and/or use equipment in order to trap, trace,
and identify the telephone numbers of the incoming calls to
telephone number **(530)662-6902** and provide the name, address of
the subscriber of record, and ESN numbers, whether published or
unpublished, for each identified incoming call and where
possible, provide the time and duration of each call, and
continue the operation of such trap and number search activity
for a period not to exceed sixty (60) days from the date of this
Order.  SBC, will satisfy the requirements of this portion of the
Order by providing said subscriber information (name and address
of the subscriber of record and ESN) only once for each number
and is not required to produce subscriber information on each
telephone call.  The use of the trap and number search device

-3-

1  shall be limited to calls originating in the United States, Laos
2  or Thailand, but only to the extent that such limitation does not
3  impose additional burdens on SBC; if such geographic limitations
4  are unduly burdensome, the use of the trap and number search
5  device may be international in scope;

6      3.  Pursuant to 18 U.S.C. §§ 3123 and 2703(d), that SBC,
7  shall examine telephone number **(530) 662-6902** and determine if it
8  is equipped with the Caller Identification feature as is supplied
9  to some retail customers.  If said telephone line is not equipped
10 with the Caller Identification feature but the equipment for said
11 feature is available, SBC, is directed to add to the existing
12 service the Caller Identification feature with no record of said
13 feature going to the subscriber.  SBC shall be compensated by the
14 government for any additional expenses for installing the Caller
15 Identification feature, and SBC's use of the Caller
16 Identification feature will serve as a substitute for the use of
17 a trap and number search device.  SBC shall take all necessary
18 precautions to ensure that the addition of said feature, or any
19 activity relating to said feature, shall not be reflected on the
20 customer's bill or in any other way be disclosed;

21     4.  Pursuant to 18 U.S.C. § 3123(b)(2), SBC shall furnish
22 forthwith agents of ATF or any other designated law enforcement
23 agency all information, facilities, and technical assistance
24 necessary to accomplish the installation and use of the pen
25 register device, trap and trace device, dialed number
26 interceptor, number search device, and Caller Identification
27 feature unobtrusively and with minimum interference with the
28 services that are accorded persons with respect to whom the

1  extension and use is to take place.
2      5. SBC shall furnish the investigating agents the telephone numbers associated with any speed dialing codes dialed or pulsed from telephone number **(530) 662-6902**.
3      6. Pursuant to 18 U.S.C. § 2703(d), SBC shall furnish agents of ATF or other designated law enforcement agency with notice of any change in service involving telephone number **(530) 662-6902**, all billing records, toll records, credit cards bills, and call forwarding information for telephone number **(530) 662-6902** on a continuing basis for a period of sixty (60) days from the date of this Court's Order.
4      7. Pursuant to 18 U.S.C. § 2703(d), SBC, Cingular Wireless, Sprint Nextel Communications, MetroPCS Inc., AT&T Wireless Services Inc., Sprint Spectrum, L.P., Verizon Wireless, GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone Company, AT&T, GTE, U.S. Sprint, MCI, Citizens Utilities, and any other involved telephone companies shall furnish agents of ATF or other designated law enforcement agency with complete subscriber information, including ESN numbers, for all telephone numbers dialed or pulsed to or from telephone number **(530) 662-6902**, as recorded by the pen register device, and for all telephone numbers placing calls to telephone number **(530) 662-6902**, as recorded by the trap and number search devices or the Caller Identification feature for a period of sixty (60) days from the date of this Order.
5      8. SBC shall be compensated by the government for reasonable expenses incurred in providing facilities and technical assistance in connection with the pen register device,

-5-

1  trap and trace device, dialed number interceptor, number search
2  device, and caller identification feature.
3     9.  Pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), this Order
4  and the Application shall be SEALED until otherwise ordered by
5  the Court, and SBC, Nextel Communications, MetroPCS Inc., AT&T
6  Wireless Services, Sprint Spectrum, L.P., Cingular Wireless, GTE
7  Wireless Inc., VIA Wireless Services, Pacific Bell Telephone
8  Company, Verizon Wireless, AT&T, GTE, U.S. Sprint, MCI, Citizens
9  Utilities, and any other involved telephone company, shall not
10 disclose the existence of the investigation, the existence of the
11 pen register device, trap and trace device, dialed number
12 interceptor, number search device, and caller identification
13 feature, or the request for subscriber, billing, and other
14 relevant information to the listed subscribers, or to any other
15 person, unless or until otherwise ordered by the Court.
16    IT IS SO ORDERED.
17 DATED: April __27__, 2007

**GREGORY G. HOLLOWS**
HONORABLE GREGORY G. HOLLOWS
United States Magistrate Judge

-6-